Chief Justice Shaheey
delivered the opinion of the court.
The only question, which is fairly presented by the record, arises out of the instructions given by the court to the jury. The action was indebitatus assumpsit, for work and labor. A written contract was introduced in evidence without objection, and it was proven that the work was done ; but no proof was offered other than the contract, to show that it was done by the plaintiff below. The court charged the jury in these words, to wit: “ That proof being made of the contract in writing to do *26 particular work, and proof that that work was done according to the contract, the presumption arises that the work was done-by the contractor.” “ Absolute proof that the work was done, is not necessary; the jury must weigh the testimony and form their own conclusion from that whether it was done.” This instruction the defendant’s counsel took exception to, as being a-charge on the weight of evidence.
The first member of the charge, taken by itself, was surely objectionable; and had the court refused the Avhole charge, it-would have been correct, and perhaps the better course. A court is not bound to separate an entire charge, a part' of which is objectionable, but may properly refuse the whole. 3 Howard, 125. It was not the province of the court to say that from proof of certain facts, “ the presumption arises that the work was done by the contractor.” This was a presumption of fact merely, which was exclusively proper for the consideration of the jury. But did not the court obviate the error which it had committed, by the subsequent part of the charge ? We think it did. We cannot view the charge in any other light than as entire, not as two separate charges. The court told the jury,, that absolute proof was not necessary; this was certainly unobjectionable; and further, that they must weigh the testimony, and form their own conclusion whether the work was done. This was also proper, and in our opinion a sufficient explanation of that which preceded. The jury must have understood from this, that the whole matter was left to them. If their province was at first invaded, that invasion was abandoned subsequently. If an impression had been left on the minds of the jurors, the latter part of the charge was calculated to remove that impression. "If a court commit an error in a charge, may it not correct that error before the jury retires % Being an entire charge, the whole of it must be taken together, and receive a fair construction. By giving such construction we think it manifest that the court intended to leave the whole matter to the jury, and that the jury must so have understood it. In taking all the charge together, it is improbable that an improper influence could have been exerted. Let the judgment be affirmed.